**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-1595**

_____

PAUL A. KABBA,

                Plaintiff - Appellee,

    v.

RENT-A-CENTER, INCORPORATED,

                Defendant - Appellant,

-----------------------------------------------------

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                Amicus Supporting Appellee.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, District Judge.  (8:17-cv-00211-PWG)

_____

Submitted:  March 29, 2018               Decided:  April 13, 2018

_____

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Steven E. Kaplan, Washington, D.C., Robert F. Friedman, Lauren B. Timmons, LITTLER MENDELSON, P.C., Dallas, Texas, for Appellant.  Rev. Uduak James Ubom, UBOM LAW GROUP, PLLC, Washington, D.C., for Appellee.  James L. Lee, Deputy General

Counsel, Jennifer S. Goldstein, Associate General Counsel, Elizabeth E. Theran, Acting Assistant General Counsel, Gail S. Coleman, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Washington, D.C., for Amicus Curiae.

––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rent-A-Center., Inc. ("RAC"), appeals the district court's order denying its motion for summary judgment and to compel arbitration. RAC contends that it and Appellee Paul Kabba, who signed two arbitration agreements with RAC, showed a clear and unmistakable intent to have an arbitrator determine the arbitrability of Kabba's employment discrimination claims. RAC further contends that, even if the district court rather than an arbitrator had the authority to determine the threshold issue of arbitrability, Kabba's claims are arbitrable. We affirm.[1]

We review de novo a district court's grant or denial of summary judgment. *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 314 (4th Cir. 2017). A court must grant summary judgment for the moving party when that party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, a court must not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, a court must draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, the nonmoving

---

[1] Although not raised by the parties, we must first determine whether we have appellate jurisdiction over the district court's order denying summary judgment. *See Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015). We conclude that the denial of RAC's motion is immediately appealable. *See Wheeling Hosp., Inc. v. Health Plan of Upper Ohio Valley, Inc.*, 683 F.3d 577, 586 (4th Cir. 2012).

3

party must offer more than a mere "scintilla of evidence in support of [its] position." *Anderson*, 477 U.S. at 252.

"Where ordinary contracts are at issue, it is up to the parties to determine whether a particular matter is primarily for arbitrators or for courts to decide." *BG Grp. PLC v. Republic of Arg.*, 134 S. Ct. 1198, 1206 (2014). Unless the contract states otherwise, a court will presume that it, rather than an arbitrator, will decide any disputes regarding arbitrability, such as "whether the parties are bound by a given arbitration clause, or whether an arbitration clause in a concededly binding contract applies to a particular type of controversy." *Id.* (internal quotation marks omitted). However, parties may overcome such a presumption by including a delegation provision in the agreement to have an arbitrator decide issues of arbitrability. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010). Even so, "courts should not assume that the parties agreed to arbitrate arbitrability unless there is clear and unmistakable evidence that they did so." *Id.* at 69 n.1 (brackets and internal quotation marks omitted); *accord First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). This "standard is exacting." *Peabody Holding Co., LLC v. United Mine Workers of Am.*, 665 F.3d 96, 102 (4th Cir. 2012). Moreover, this requirement "pertains to the parties' *manifestation of intent*, not the agreement's *validity*." *Rent-A-Ctr.*, 561 U.S. at 69 n.1.

RAC contends that the district court erred in concluding that Kabba and RAC did not clearly and unmistakably agree to arbitrate arbitrability. For support, RAC points to *Rent-A-Center*, in which "the United States Supreme Court found the exact delegation clause at issue in this case to be valid and enforceable." (Appellant's Br. at 10 (emphasis

4

omitted)).  RAC's reliance on *Rent-A-Center* is misplaced, however, as the Supreme Court explicitly noted that that case concerned the validity of the arbitration agreement, not whether the parties manifested an intent to be bound by the arbitration agreement.  *See* 561 U.S. at 70 n.2 ("The issue of the agreement's validity is different from the issue whether any agreement between the parties was ever concluded, and . . . we address only the former." (citation and internal quotation marks omitted)).  Thus, the mere fact that the Supreme Court upheld the exact agreement as valid in *Rent-A-Center* does not answer the question of whether the parties in this case manifested an intention to be bound by the same agreement.  Instead, we must turn to Maryland's principles of contract formation.

In Maryland, "a manifestation of mutual assent is an essential prerequisite to the creation or formation of a contract." *Falls Garden Condo. Ass'n, Inc. v. Falls Homeowners Ass'n, Inc.*, 107 A.3d 1183, 1189 (Md. 2015) (internal quotation marks omitted). "Manifestation of mutual assent includes two issues: (1) intent to be bound, and (2) definiteness of terms." *Id.* at 1190 (internal quotation marks omitted).  "Importantly, an acceptance may be manifested by actions as well as by words." *Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79, 85 (4th Cir. 2016) (citing *Porter v. Gen. Boiler Casing Co.*, 396 A.2d 1090, 1095 (Md. 1979)).  In addition, Maryland courts have "show[n] a persistent unwillingness to give dispositive and preclusive effect to contractual limitations on future changes to that contract." *Hovnanian Land Inv. Grp., LLC v. Annapolis Towne Ctr. at Parole, LLC*, 25 A.3d 967, 982 (Md. 2011).  Indeed, "a party may waive, by its actions or statements, a condition precedent in a contract, even when that contract has a non-waiver clause." *Id.* at 983.

5

We conclude that a reasonable juror could find from Kabba's and RAC's actions that the parties agreed to modify the 2002 and 2012 arbitration agreements at issue to exclude covering any disputes relating to Kabba's 2013 employment. *See Falls Garden Condo. Ass'n*, 107 A.3d at 1190; *Hovnanian Land Inv. Grp.*, 25 A.3d at 982. Thus, because a reasonable juror could find that no arbitration agreement covers Kabba's 2013 employment, we conclude that there is not "clear and unmistakable evidence" that Kabba and RAC agreed to arbitrate any disputes relating to Kabba's 2013 employment. *See Rent-A-Ctr.*, 561 U.S. at 69 n.1 (brackets and internal quotation marks omitted). As a result, the district court did not err in concluding that it, rather than an arbitrator, had the authority to determine the arbitrability of Kabba's dispute regarding his 2013 employment based on the 2002 and 2012 arbitration agreements.

Turning next to whether Kabba's claims are arbitrable under the 2002 and 2012 agreements, we conclude that, because a reasonable juror could conclude that no arbitration agreement exists with respect to Kabba's claims arising from his 2013 employment, there is a genuine dispute of material fact precluding summary judgment. *See Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 297 (2010) ("[A] court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate *that dispute*."); *Falls Garden Condo. Ass'n*, 107 A.3d at 1190; *Hovnanian Land Inv. Grp.*, 25 A.3d at 982.[2] More facts are needed to determine whether Kabba's claims are ultimately

---

[2] RAC argues for the first time on appeal that it offered a novation, which Kabba rejected, rather than a modification, but it did not make this argument in the district court.

arbitrable. Thus, we conclude that the district court did not err in denying summary judgment and ordering discovery with respect to the parties' intent regarding the arbitrability of Kabba's claims under the 2002 and 2012 agreements.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

We do not consider arguments raised for the first time on appeal. *See In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014).